UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CHERYL STIER,

Plaintiff,

v.

MEDIA ONE,

Defendant.

Civil No. 00-1489 (RHK/JMM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which she is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on

FILED JUN 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____________
DEPUTY CLERK____________

In this case, the substantive allegations of Plaintiff's Complaint, restated in their entirety, are as follows:

> "Media One [Defendant] went to Ramsey County Courthouse and filed a claim against Cheryl Stier [Plaintiff] for phone harrassment [sic]. Cheryl Stier called Media One to unlock cable box, accused her of racial and sexual harrassment [sic]."

Several handwritten notes are attached to the Complaint, but they shed no additional light on the events giving rise to this action or the nature of Plaintiff's claims. Furthermore, Plaintiff has not indicated what, if any, relief she is seeking in this action.

Plaintiff's submissions do not state any cause of action on which relief can be granted, because they do not include any facts that would support any actionable claim against the named Defendant. While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's present submissions do not describe anything that the named

---

which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

Defendant allegedly did or failed to do that might give rise to a claim that could be litigated in federal court. Plaintiff has therefore failed to state any cognizable claim.

Furthermore, Plaintiff's submissions do not indicate (expressly or implicitly) any statute or common law principle on which this action is based. Plaintiff has not identified, and the Court cannot independently discern, any legal theory that would support any actionable claim. For this additional reason, the Complaint fails to state any viable cause of action against the named Defendant.

Because of the deficiencies noted above, the Court concludes that Plaintiff's Complaint fails to state any legally cognizable claim for relief. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 26, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before July 17, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.